1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANA L. FANTUZZI,

                              Plaintiff,

          v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 2:15-cv-00425-TSZ-KLS

REPORT AND RECOMMENDATION

Noted for February 19, 2016

        Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for disability insurance and supplemental security income (SSI) benefits. This

matter has been referred to the undersigned Magistrate Judge. *Mathews, Secretary of H.E.W. v.*

*Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). After reviewing

the parties' briefs and the remaining record, the undersigned recommends that for the reasons set

forth below the Court reverse defendant's decision to deny benefits and remand this matter for

further administrative proceedings.

                        FACTUAL AND PROCEDURAL HISTORY

        On July 9, 2011, plaintiff filed an application for disability insurance benefits and on

January 12, 2012, she filed another one for SSI benefits, alleging in both applications that she

became disabled beginning November 18, 2010. Dkt. 9, Administrative Record (AR) 13. Both

applications were denied on initial administrative review on November 9, 2011, and on

REPORT AND RECOMMENDATION - 1

reconsideration on May 22, 2012. *Id.* At a hearing held before an administrative law judge (ALJ) on February 19, 2013, plaintiff, represented by counsel, appeared and testified, as did a vocational expert. AR 37-74.

In a decision dated May 29, 2013, the ALJ determined plaintiff to be not disabled. AR 13-25. On January 20, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner. AR 1; 20 C.F.R. § 404.981, § 416.1481. On March 26, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. Dkt. 3. The administrative record was filed with the Court on September 8, 2015. Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the opinions of Kathleen Mayers, Ph.D., Victoria McDuffee, Ph.D., Paul Grills, A.R.N.P., and Marcella Napoli, M.S.W.; (2) in assessing plaintiff's residual functional capacity (RFC); and (3) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinions of Dr. Mayers and Ms. Napoli, and thus in assessing plaintiff's RFC and in finding her to be capable of performing other jobs. Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by

REPORT AND RECOMMENDATION - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

I.      The ALJ's Evaluation of Dr. Mayers' Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation

omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Tonapetyan*, 242 F.3d at 1149; *Lester*, 81 F.3d at 830-31.

With respect to Dr. Mayers, the ALJ stated:

> I give little weight to the medical of [sic] opinion of consultative examiner Kathleen Mayers, Ph.D.; she concluded that, due to poor focus and persistent attention seeking, the claimant would not be able to maintain attention and concentration through a normal workday (54F). Dr. Mayers apparently based her opinion on the claimant's presentation that was marked by persistent crying, pressured speech, and attention seeking behavior. However, the overall record (including mental health treatment notes from NAVOS and primary care notes from Dr. [Gary] Koch) does not reflect such dramatic symptoms. Unlike other examiners, Dr. Mayers did not conduct validity testing. And she was apparently unaware of evidence suggestive of symptoms exaggeration noted in other records (51F/5; 58F/5). Moreover, her opinion is generally inconsistent with the claimant's daily activities.

AR 23. Plaintiff argues the ALJ failed to provide valid reasons for rejecting Dr. Mayers' opinion here. The Court agrees. As plaintiff points out, the record reveals a number of instances where other medical sources and primary care providers noted abnormal symptoms similar in nature to

REPORT AND RECOMMENDATION - 5

those Dr. Mayers observed. AR 890, 892, 895, 898-99. 986. 988, 990, 1016-19. Even Dr. Koch

noted some abnormalities in her presentation. AR 1125-26.

While Dr. Mayers may not have conducted validity testing, furthermore, the ALJ fails to

show that such testing was required or that anything occurring during the actual evaluation called

plaintiff's credibility into question, thereby indicating validity testing was necessary in order for

Dr. Mayers' opinion to be accurate. Nor is it at all clear, given this, that Dr. Mayers would have

been likely to change her opinion had she been aware of the testing conducted by Dr. McDuffee

suggesting the possibility invalid responses or less than "best" effort on plaintiff's part. AR 989[2],

1058. Finally, the ALJ fails to identify the specific daily activities he believed were inconsistent

with Dr. Mayers' opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (error to

assign medical opinion "little weight while doing nothing more than . . . criticizing it with

boilerplate language that fails to offer a substantive basis for his conclusion")  (citing *Nguyen v.

Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)).

II.     The ALJ's Evaluation of Ms. Napoli's Opinions

In early September 2011, Ms. Napoli, plaintiff's mental health therapist, opined that

"[t]he combination of her mental and physical health issues make it impossible for her to work."

AR 1001. In late March 2012, Ms. Napoli opined that plaintiff's symptoms were "quite

debilitating to her and interfere with her ability to function on a day to day basis," and that they

"would strongly interfere with her ability to hold any type of employment." AR 1072. In late

October 2012, Ms. Napoli opined that "[b]ecause her symptoms fluctuate," she "would not be

able to maintain consistent attendance and performance in a work situation" and "it would be

impossible for her to hold" a full-time job on a consistent basis. AR 1163-64.

---

[2] Indeed, Dr. McDuffee herself noted the presence of similarly significant abnormal symptoms despite obtaining the test results that she did. AR 988-90.

REPORT AND RECOMMENDATION - 6

The ALJ rejected Ms. Napoli's opinions for the following reasons:

. . . Although treating provider opinions are usually afforded more weight, I give little to no weight here because the opinions are not consistent with the overall record or the claimant's daily activities, including pottery, yoga, and active AA participation.

For instance, as discussed above, mental health treatment notes from NAVOS (65F; 67F) and primary care records from Dr. Koch (49F; 61F) reflect fewer limitations than indicated by M[s]. Napoli. She also regularly attended AA meetings, church, and ceramics classes; enjoyed going to the pool and gym; went camping with friends; attended a yoga retreat; and volunteered at an art auction.

Additionally, some evidence suggests that Ms. Napoli's opinions were not predicated on her findings/observations but, rather, on her desire to advocate for the claimant. For instance, she produced her first opinion in September 2011, after meeting with the claimant on only a single occasion (53F/2). Later notes indicate that one of her goals was to help the claimant obtain disability benefits (60F/27). Uncharacteristically for a mental health counselor, Ms. Napoli transported the claimant to various locations, including an agency that provided assistance in filling out the claimant['s] Social Security paperwork (60F/12, 25). It is unclear why Ms. Napoli believed she needed to transport the claimant because, as discussed above, the claimant could drive, use public transportation, walk, and get rides from friends.

Furthermore, Ms. Napoli indicated limitations associated with the claimant's alleged physical impairments (53F/2). However, she is not qualified to draw any conclusions regarding vocational limitations associated with physical impairments. Additionally, most of the alleged physical symptoms, as discussed above, were not associated with a medically determinable impairment or a severe impairment.

AR 22-23.

The opinions of non-medical sources such as Ms. Napoli are treated as lay testimony, which "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (because public and private welfare agency personnel such as social workers are treated as "other sources," their testimony is considered lay testimony, which

REPORT AND RECOMMENDATION - 7

the ALJ may expressly disregard for germane reasons). As plaintiff argues, however, the ALJ did
not provide such reasons here.

Although the ALJ states Ms. Napoli's opinions are not consistent with plaintiff's overall
activities, the record fails to show those activities were engaged in at a frequency or to an extent
that necessarily is at odds with an inability to consistently perform gainful work. *See* AR 51-53,
55-58, 60, 63-68, 258-63, 286-90, 308, 349-54, 358-62, 382-86, 401, 406-09, 413, 1074, 1077-
78, 1088, 1095, 1183, 1189-91, 1198. Nor, contrary to the ALJ's findings, does the record
necessarily show Ms. Napoli's efforts to assist plaintiff in obtaining disability benefits was
predicated on a desire to "advocate" on her behalf as the ALJ characterized it, as opposed to
being based on a belief that plaintiff was truly disabled. AR 1001, 1072-79, 1081-84, 1086,
1088, 1092-95, 1163-64, 1181, 1183-92, 1194-96, 1198-99, 1201-02, 1204; *Lester*, 81 F.3d at
832 (absent "evidence of actual improprieties" the purpose for which a medical opinion is
obtained is not a legitimate basis for rejecting it). Thus, while the Court does agree that the ALJ
did not err in discounting Ms. Napoli's opinion concerning plaintiff's *physical* health issues for
the reasons the ALJ stated, as just discussed the ALJ offered no germane reasons for rejecting
Ms. Napoli's opinion concerning plaintiff's *mental* health issues.

III.     The ALJ's Assessment of Plaintiff's RFC

Defendant employs a five-step "sequential evaluation process" to determine whether a
claimant is disabled. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found
disabled or not disabled at any particular step thereof, the disability determination is made at that
step, and the sequential evaluation process ends. *Id.* If a disability determination "cannot be
made on the basis of medical factors alone at step three of that process," the ALJ must identify
the claimant's "functional limitations and restrictions" and assess his or her "remaining

REPORT AND RECOMMENDATION - 8

capacities for work-related activities." Social Security Ruling (SSR) 96-8p, 1996 WL 374184 *2. A claimant's RFC is used at step four of the sequential evaluation process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *Id.*

RFC thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case assessed plaintiff with a mental RFC that she could understand, remember and carry out simple, routine tasks with occasional, brief contact with co-workers and supervisors, and no contact with the general public. AR 18. Plaintiff argues that given the ALJ's errors in evaluating the opinion evidence in the record, the ALJ's RFC assessment is improper as well. The undersigned agrees that in light of the failure of the ALJ to provide valid reasons for rejecting the opinions of Dr. Mayers and Ms. Napoli, that RFC assessment cannot be said to be support by substantial evidence or free of error.

IV.    The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a

vocational expert or by reference to defendant's Medical-Vocational Guidelines. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's RFC. AR 72. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. AR 72-73. Based on the vocational expert's testimony, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. AR 24-25. But because the ALJ's RFC assessment is erroneous, as plaintiff argues the hypothetical question the ALJ posed – and thus the vocational expert's testimony in response thereto – cannot be said to be supported by substantial evidence. Therefore, the ALJ's reliance on that hypothetical question and the vocational expert's testimony to find plaintiff not disabled at step five also is in error.

V.    Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award

REPORT AND RECOMMENDATION - 10

benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because not all of the medical and other evidence in the record necessarily supports the opinions of Dr. Mayers and Ms. Napoli, issues still remain in regard to plaintiff's RFC and whether she is able to perform other jobs existing in significant numbers in the national economy. Accordingly, remand for further consideration of those issues is warranted.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly concluded plaintiff was not disabled, and therefore that it reverse the decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

REPORT AND RECOMMENDATION - 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **February 19, 2016**, as noted in the caption.

DATED this 5th day of February, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12